IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYAN ANGLE,<br>           **Plaintiff,**<br><br>    v.<br><br>SECRETARY LITTLE, et al.,<br>           **Defendants.** | C.A. No. 22-1772 Pittsburgh<br><br>**District Judge Susan Paradise Baxter**<br>**Magistrate Judge Richard A. Lanzillo** |

**MEMORANDUM ORDER**

On January 3, 2023, Plaintiff filed a motion for emergency injunction/TRO [ECF No. 4], alleging that he has been subjected to a "continuing campaign of harassment" by Defendants Dobish and Shaw, specifically referencing events that took place on May 31, 2022, August 15, 2022, and November 17-18, 2022 (Id. at ¶¶ 2-5). As relief, Plaintiff sought an order that he "be held in a safer environment until he is finished [with] his sentence on 4-11-23" and "that all retaliation be rectified." (Id. at p. 2).

On January 10, 2023, Judge Lanzillo issued a Report and Recommendation ("R&R") recommending that Plaintiff's motion for injunctive relief be denied. Plaintiff filed timely objections to the R&R on January 26, 2023, in which he raised allegations of being continually held in an "unheated, unventilated cell" and enduring "everyday harassment" in the form of denial of exercise, grooming, and showers" [ECF No. 7]; however, this Court noted that these allegations were never presented to the Magistrate Judge in the first instance and were raised for the first time on objection. As a result, such allegations were deemed waived and were not considered by the Court, which ultimately adopted the R&R and denied Plaintiff's motion for injunctive relief by Memorandum Order, dated February 8, 2023. [ECF No. 12].

Presently pending before this Court is Plaintiff's motion for reconsideration [ECF No. 16] of this Court's Memorandum Order [ECF No. 12] denying Plaintiff's motion for preliminary injunction and/or temporary restraining order [ECF No. 4].

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999). A motion for reconsideration under Federal Rule of Civil Procedure 59(e) must therefore rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already rightly or wrongly made. Williams v. Pittsburgh, 32 F.Supp.2d 236, 238 (W.D.Pa. 1998). Litigants are cautioned to "'evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.'" Waye v. First Citizen's Nat'l Bank, 846 F.Supp. 310, 314 n.3 (M.D.Pa. 1994), quoting Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990). Motions for reconsideration should not relitigate issues already resolved by the court and should not be used to advance additional arguments which could have been made by the movant before judgment. Reich v. Compton, 834 F.Supp. 753, 755 (E.D.Pa. 1993) aff'd in part, rev'd in part, 57 F.3d 270 (3d Cir. 1995). Requests for a "second bite of the apple" are not an appropriate basis for relief on a motion for reconsideration. See, e.g., Boone v. Daughtery, No. 12-1333, 2013 WL 5836329, at *1 (W.D. Pa. Oct. 30, 2013) ("Motions for reconsideration are not designed to provide litigants with a second bite at the apple," citing Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir.

1995)).

Here, Plaintiff takes exception to this Court's finding that his allegations of continually being held in an unheated, unventilated cell were not raised in his original motion for injunctive relief. Rather, Plaintiff asserts that he "most certainly did describe (in a much longer version) [his] cell being very cold" and "in fact [he] even mentioned that maintenance gauged the temperature at 38° which at the time was only 2° hotter than the outside temp." (Id. at p. 1). Plaintiff asserts further that he "also described [his] vent being blocked or covered…." (Id.). However, Plaintiff's assertions are simply incorrect. To the contrary, Plaintiff's original motion contains no mention of a cold, unheated cell or a lack of proper ventilation, and is also devoid of any allegations regarding the denial of exercise, grooming, and showers. Thus, Plaintiff has failed to raise any cognizable basis for reconsidering this Court's Memorandum Order denying his motion for injunctive relief.

AND NOW, this 22nd day of February, 2023;

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration [ECF No. 16] is DENIED.

SUSAN PARADISE BAXTER
United States District Judge

cc:     The Honorable Richard A. Lanzillo
        United States Magistrate Judge